| | |
|---|---|
| DONALD E. GRYDER, ) | |
| ) | |
| *Plaintiff*, ) | Case No. 2:20-cv-255 |
| ) | |
| v. ) | Judge Travis R. McDonough |
| ) | |
| PETER BUTTIGIEG, Secretary of ) | Magistrate Judge Cynthia R. Wyrick |
| Department of Transportation, ) | |
| ) | |
| *Defendant*. ) | |

## MEMORANDUM OPINION

Before the Court is Defendant Peter Buttigieg's ("the Secretary") motion to dismiss or, alternatively, motion for summary judgment (Doc. 60). For the following reasons, the Secretary's motion for summary judgment (*id.*) will be **GRANTED**.[1]

### I. BACKGROUND[2]

Plaintiff Donald Gryder was employed by Defendant as a railroad safety inspector until he was terminated on November 21, 1997. (Doc. 62, at 22.) Plaintiff previously sued Defendant in the United States District Court for the Northern District of Georgia, claiming that Defendant retaliated against him, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, by terminating his employment. *Gryder v. Dennin*, 427 F. App'x 844, 845 (11th Cir. 2011). A jury found for Plaintiff, and, on September 15, 2010, the district court awarded Plaintiff backpay of $923,656.08 for the period of 1997–2010. *Id.* The district court

---

[1] Because the Court grants Defendant's motion, Plaintiff's motion to conduct the trial in Greeneville (Doc. 66) is **DENIED AS MOOT**.

[2] These facts are drawn from the administrative record (Doc. 62).

also ordered Defendant to reappoint Plaintiff to his previous position. *Id.* Despite receiving a verdict and judgment in his favor, Plaintiff appealed, arguing he was entitled to greater damages and that he should have been appointed to a more senior position. *Id.* The Eleventh Circuit upheld the district court's decision, *id.* at 847, and Plaintiff was reappointed to his former position on October 1, 2010 (Doc. 62, at 22).

While that case was proceeding, Plaintiff applied for over 100 Department of Transportation ("the Department") job vacancies. (*Id.* at 23.) However, Plaintiff was not selected for any of these open positions. (*Id.* at 10.) Plaintiff subsequently filed several Equal Employment Opportunity ("EEO") complaints alleging that he was not selected on the basis of his race, sex, and disability, and as retaliation for his prior protected activity. (*Id.* at 10–11.) At the conclusion of Defendant's investigation into Plaintiff's allegations, Defendant requested a hearing before a U.S. Equal Employment Opportunity Commission ("EEOC") Administrative Judge. (*Id.*) As part of these proceedings, the EEOC found that the Department failed to comply with its orders and failed to produce a Report of Investigation ("ROI"). (*Id.* at 10–12.) As a sanction, the EEOC "dr[ew] an adverse inference that a complete ROI would show that [Defendant's] articulated non-retaliatory reasons for not selecting [Plaintiff] were false and a pretext for reprisal." (*Id.* at 14.) This amounted to a default judgment in favor of Plaintiff. The EEOC ordered, among other things, that Defendant appoint Plaintiff to the position of Deputy Regional Administrator, award him "the appropriate amount of backpay" as determined by Defendant, and "issue a final decision on the issue of compensatory damages." (*Id.* at 15–16.) Both parties requested that the EEOC reconsider its decision, with Plaintiff arguing he was owed a greater amount of backpay. (*Id.* at 62.) On October 11, 2018, the EEOC affirmed its decision. (*Id.* at 68.)

2

Case 2:20-cv-00255-TRM-CRW   Document 70   Filed 07/29/24   Page 2 of 12   PageID #: 661

While these administrative proceedings were still pending, Defendant fired Plaintiff for a second time. (*Id.* at 4.) On April 11, 2016, Plaintiff appealed his removal to the Merit System Protection Board ("MSPB"), arguing that the removal was discriminatory.[3] (*Id.* at 72–73.) On April 25, 2017, the MSPB issued an initial decision which affirmed Defendant's removal. (*Id.* at 72.) Plaintiff filed a petition for review, and, on June 22, 2023, the MSPB issued its final decision affirming Plaintiff's removal. (*Id.* at 27.)

Defendant subsequently paid Plaintiff $83,720.13 in backpay and $500 in compensatory damages. (*Id.* at 25, 107.) Plaintiff nonetheless filed a "Petition for Enforcement" of the EEOC's order, arguing that his backpay should have been calculated from October 25, 2004, rather than October 1, 2010, and that his backpay should reflect the promotions he would have received had he been hired in 2004. (*Id.* at 23–24.) On September 11, 2020, the EEOC ruled on Plaintiff's Petition for Enforcement, finding that Defendant had "complied with the Commission's order by commencing back pay on October 1, 2010" and that Defendant correctly calculated Plaintiffs' promotions. (*Id.* at 24.) In a separate appeal to the EEOC, Plaintiff challenged Defendant's calculation of compensatory damages. (*Id.* at 112.) On September 16, 2020, the EEOC modified Defendant's compensatory damage decision and awarded Plaintiff $2,000. (*Id.* at 116.)

Plaintiff filed the present action on December 4, 2020, within ninety days of the EEOC's decision on the Petition for Enforcement and its decision on compensatory damages. (Doc. 1.) Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9.) On February 28, 2022, the Court granted Defendant's motion. (Doc. 34.) The Court noted it was

---

[3] Plaintiff claimed, among other things, that federal employees "want[ed] to enter his home to conduct a search" and that they were "working in concert with others to murder [Plaintiff] and his wife." (Doc. 62, at 74 (internal quotations omitted).)

3

unclear what causes of action Plaintiff was alleging, but nevertheless construed his complaint as asserting: (1) failure to accommodate, discrimination, and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*; (2) age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and (3) race, national origin, and sex discrimination and retaliation under Title VII. (*Id.* at 4.) After examining each cause of action, the Court found that Plaintiff had failed to allege facts giving rise to an inference of discrimination. (*See generally id.*)

Plaintiff appealed the Court's decision on March 28, 2022. (Doc. 36.) The Sixth Circuit affirmed in part and remanded in part, finding that the Court was required to give Plaintiff the opportunity to amend his complaint even though Plaintiff had not requested the opportunity to do so. (Doc. 39, at 6–7.) Plaintiff filed his amended complaint on August 18, 2023, this time including a C.D. that contained a large number of administrative documents, emails, and medical records. (Doc. 44.) In total, Plaintiff provided 128 separate documents amounting to over 1000 pages. (*Id.*) In his amended complaint, Plaintiff summarized the various administrative complaints he had filed against Defendant over the years and again, and purported to assert claims under the ADA, the ADEA, and Title VII. (*Id.* at 1.)

On June 13, 2024, Defendant moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6) or, in the alternative, for summary judgement.[4] (Doc. 60.) The motion is now ripe.

---

[4] Defendant filed another motion for summary judgment on June 17, 2024, arguing that summary judgment is warranted because Plaintiff has failed to comply with the Court's orders. (Doc. 63.) However, because the Court will grant Defendant's present motion, it need not consider the subsequent motion.

## II. STANDARD OF LAW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less stringent standards than the formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). The Court is "not required to either guess the nature of or create a litigant's claim." *Leeds v. City of Muldraugh*, 174 F. App'x 251, 255 (6th Cir. 2006) (citations omitted). Likewise, "liberal treatment of *pro se* pleadings does not require lenient treatment of substantive law," and ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases, including the pleading standards set forth in Rule 8(a) of the Federal Rules of Civil Procedure. *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002); *Kafele v. Lerner, Sampson, Rothfuss, L.P.A.*, 161 F. App'x 487, 491 (6th Cir. 2005) ("[P]ro se litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). Thus, although the standard of review for *pro se* litigants is liberal, it requires more than the bare assertion of legal conclusions. *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

## III.     ANALYSIS

This case has been ongoing for nearly four years, and it is still not clear what causes of action Plaintiff is asserting.[5] Plaintiff purports to bring various claims of discrimination under

---

[5] The Sixth Circuit directed the Court to grant Plaintiff leave to amend his complaint, noting that allowing Plaintiff to amend "would enable him to attach the EEOC decisions and summarize their contents." (Doc. 39, at 6.) Plaintiff followed this suggestion to a fault. Plaintiff spends the entirety of his amended complaint summarizing old administrative proceedings and has attached 128 separate documents amounting to over 1000 pages. (Doc. 44.) These documents are not specifically referenced by name or page number anywhere in the amended complaint, nor does Plaintiff explain the significance of any given document. (*See generally id.*) As a result, the amended complaint has clarified nothing.

Title VII, the ADA, and the ADEA, but he fails to allege the basic facts which would support a claim of discrimination in his complaint. (*See generally* Doc. 44.) Instead, Plaintiff merely summarizes the procedural history of past EEOC decisions. (*See id.*) The Court has now reviewed the initial complaint (Doc. 1), amended complaint (Doc. 44), the attached documents, and Plaintiff's extensive filings (Docs. 67–69), and it is apparent that Plaintiff is not actually seeking to litigate any employment-discrimination claims, but instead simply takes issue with how much backpay the EEOC has awarded him.

Plaintiff has now made clear that he is not interested in litigating whether Defendant is liable for discrimination. (*See* Doc. 49-1, at 2 (Plaintiff noting his belief that "[t]he matter of what the defendants [sic] did or did not do is not before this court as that issue has been settled and defendants [sic] have agreed.").) Plaintiff states that, "[a]ll that is required is for the jury to examine what is required to make Plaintiff 'whole' from this accounting [of damages] and compare what [D]efendant has allege [sic] to pay Plaintiff to discover the outstanding amount due Plaintiff." (Doc. 67, at 9.) Plaintiff goes on to state, "[h]ow much clearer could it be? From day one Plaintiff has advised [D]efendant that his claim [is] failure to be made whole and his ground upon which it rests is failure of the OFO[6] to award make whole relief." (Doc. 67, at 19.) Specifically, Plaintiff claims he "is due pay at the GS-13 from October 25, 2004 to October 24 2006, then at the GS-14 pay from October 2006 forward . . . [and is] due to be paid at the GS-14 rate from October 1, 2010 to March 26, 2025." (Doc. 67, at 4–5.) Such statements make clear that Plaintiff only wants the Court to review the EEOC's decision as to what backpay is

---

[6] The "Office of Federal Operations" ("OFO") is an office within the EEOC. The Court's use of the term "EEOC" encompasses the OFO as well.

appropriate, not make any finding as to liability.[7] [8] (*See* Doc. 44, at 27–28.) This is not possible.

42 U.S.C. 2000e-16(c) provides in relevant part that: "[w]ithin 90 days of receipt of notice of final action taken . . . by the Equal Employment Opportunity Commission . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action."[9] *See* 29 C.F.R. §

---

[7] Plaintiff further states that "this litigation has been put to rest by the OFO decision December 17, 2015, (almost 10 years ago) which was favorable to Plaintiff by awarding him make whole relief." (Doc. 68, at 6.) This EEOC decision is the crux of Plaintiff's case.

[8] To the extent that Plaintiff attempts to assert any other claims, he fails to do so under even the liberal pleading standard of Rule 8(a)(2). Defendant argues the amended complaint fails to give him notice of the claims Plaintiff is attempting to assert. (Doc. 61, at 14.) The Court agrees. Plaintiff is proceeding pro se and, as a result, is entitled to have his pleadings liberally construed. However, Plaintiff still must comply with basic pleading standards. *See Kafele*, 161 F. App'x at 491 ("[P]*ro se* litigants are not relieved of the duty to develop claims with an appropriate degree of specificity."). A pleading that leaves both the Court and the defendant confused as to what claims he is asserting certainly does not comply with Rule 8(a)(2). *See Twombly*, 550 U.S. at 545 (noting that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (internal quotations omitted).

Plaintiff seems to believe that he can simply attach over 125 documents and the Court is obligated to sift through them to decipher his claim. This is not the case. The Sixth Circuit has held that a court is "not required to either guess the nature of or create a litigant's claim." *Leeds*, 174 F. App'x at 255 (citations omitted). If this holding is to mean anything, it must mean that a district court is not required to comb through over 125 documents to discern whether a viable claim is hidden within. If district courts were required to do so, vast amounts of judicial resources would be consumed on a handful of pro se plaintiffs, a cost which would inevitably be borne by all other parties before the courts, including criminal defendants. This would also require district courts to essentially function as counsel for pro se litigants, which is not their proper role. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants . . . [r]equiring district courts to advise a pro se litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

Plaintiff has had every chance to amend his pleading and four years to refine his claims. At some point, enough must be enough. The Court therefore declines to give Plaintiff yet another unsolicited opportunity to amend his complaint.

[9] Plaintiff has filed approximately twenty-five complaints of discrimination over the years. (*See* Doc. 44, at 8–23; Doc. 62, at 96 n.2.) Defendant argues that, to the extent that Plaintiff wishes to challenge any of these past EEOC decisions, these claims are time barred because were not filed within ninety-days of the final decisions, which "were issued between 2016-2019." (Doc. 61, at 18–19.) *See* 42 U.S.C. 2000e-16(c); 29 C.F.R. § 1614.407(c). Plaintiff does not provide any evidence to the contrary, simply stating that "each of the EEOC complaints submitted in this

1614.407(c) (providing that an employee has ninety days to file suit after receiving the EEOC's final decision). If a federal employee does bring a civil action, he has "the right to trial de novo of [his] employment discrimination claims." *Pamplin v. Potter*, No. 05-73620, 2006 WL 1284915, at *2 (E.D. Mich. May 10, 2006) (citing *Chandler v. Roudebush*, 425 U.S. 840 (1976)). A de novo review, however, "requires a trial of all the issues in a particular case," and the district court is not bound by the EEOC's findings. *Id.*

Accordingly, "[f]ederal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action, trying de novo both liability and remedy." *Id.* at *3 (quoting *Scott v. Johanns*, 409 F.3d 466, 471–72 (D.C. Cir. 2005)). It is well established that an employee cannot ask a court to review only whether she has been awarded appropriate damages while ducking the issue of liability. *See Herron v. Veneman*, 305 F. Supp. 2d 64, 76 (D.D.C. 2004) ("[A] plaintiff is not entitled to a limited or fragmented trial de novo on damages without having to relitigate favorable findings on liability."); *Timmons v. White*, 314 F.3d 1129, 1233 (10th Cir.2003) (noting that "a plaintiff seeking relief under [42 U.S.C.] § 2000e-16 is not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on those issued in his or her favor."). A plaintiff who asks that a court decide only the issue of damages is requesting relief which a court cannot grant, and summary judgment is

---

case, each either had been appealed back to OFO seeking reconsideration and had not had any decision rendered or had a decision as stated by Plaintiff in his filing." (Doc. 67, at 22–23.) However, Plaintiff's amended complaint lays out the dates of the EEOC's decisions, all of which are well beyond the ninety-day threshold. (*See, e.g.*, Doc. 44, at 12 (noting that the EECO issued its decision on multiple complaints of Plaintiff on March 28, 2017).) The documents on the C.D. Plaintiff filed with his amended complaint confirm these dates. The Court therefore finds that, insofar as Plaintiff seeks to challenge any earlier EEOC decision, he is barred from doing so.

9

appropriate.[10] *See McNeely v. Potter*, No. 1:05-0092, 2006 WL 1697193 at *7 (M.D. Tenn. June 14, 2006) (granting summary judgement when a plaintiff sought to only "challenge[] the EEOC's interpretation of the appropriate remedy").

That is not to say that a plaintiff cannot sue to *enforce* an EEOC order. As the Sixth Circuit explained, "[i]f a federal employee has received a favorable determination at the administrative level, he or she is able to go into federal court to enforce that order without risking de novo review of the merits." *Haskins v. U.S. Dep't of Army*, 808 F.2d 1192, 1200 n.4 (6th Cir. 1987). When a plaintiff sues to enforce an order, "the only question before the court is 'whether the employing agency has complied with the administrative disposition.'" *Dellinger v. Potter*, No. 3:08-CV-00219, 2009 WL 2243834, at *6 (S.D. Ohio July 22, 2009) (quoting *Scott v. Johanns*, 409 F.3d 466, 469 (D.C.Cir.2005)). However, "an employee's claim for judicial enforcement is proper only where the EEOC determines that the agency is not in compliance with its previous decision, or where the agency has failed to submit a compliance report." *Yu v. Brennan*, No. 2:18-CV-1732, 2019 WL 4277812, at *4 (S.D. Ohio Sept. 10, 2019) (citing 29 C.F.R. § 1614.503(g)). An employee may not sue to enforce an EEOC order when the EEOC has determined that the agency is in compliance. *See id.*; *Yu v. United States*, 150 Fed. Cl. 11, at *17 (2020).

Plaintiff is plainly seeking judicial review only on the issue of damages, not whether Defendant is liable for any type of discrimination.[11] Plaintiff cannot do so for two reasons. First,

---

[10] If a plaintiff does decide to seek de novo review, he must return the backpay that he was awarded. *See Kloock v. Potter*, No. 04-73610, 2005 WL 1593448, at *2 (E.D. Mich. July 6, 2005) ("If the plaintiff chose to relitigate his claims, he would have to disgorge the previously awarded compensatory damages").

[11] Plaintiff has repeatedly said as much. (*See*, *e.g.*, Doc. 67, at 19 ("How much clearer could it be? From day one Plaintiff has advised [D]efendant that his claim [is] failure to be made whole and his ground upon which it rests is failure of the OFO to award make whole relief.")

insofar as Plaintiff seeks to enforce the EEOC's decision on his Petition for Enforcement, he cannot because the EEOC has already determined that Defendant is in compliance. (*See* Doc. 62, at 26); *Yu*, 2019 WL 4277812, at *4 ("The [EEOC's] determination that the [agency] is in full compliance with the 2014 EEOC Order has preclusive effect on this Court's subject matter jurisdiction over enforcement of that Order.") Second, the Court cannot review only the award of backpay or other damages. Plaintiff has repeatedly expressed that he has no desire to litigate whether Defendant discriminated against him and has stated his belief that the question of liability "is not before this court as that issue has been settled." (Doc. 49-1, at 2.) Plaintiff's only claim is that he deserves more money that the approximately $1.1 million he was already awarded. By requesting the Court decide only the issue of damages, Plaintiff is requesting relief that the Court has no power to grant, and summary judgment is therefore appropriate. *See Herron*, 305 F. Supp. 2d at 76 ("[A] plaintiff is not entitled to a limited or fragmented trial de novo on damages without having to relitigate favorable findings on liability."). Accordingly, Defendant's motion for summary judgment will be granted.[12]

---

[12] Plaintiff references in passing his desire to challenge "the MSRB Decision" upholding his 2015 termination. (Doc. 44, at 28.) Defendant argues that insofar as Plaintiff seeks review of this decision, his claim is time barred. (Doc. 61, at 19.) The Court agrees.

Federal employees seeking to assert Title VII claims must exhaust their administrative remedies before filing suit. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 832 (1976). Courts routinely dismiss actions when a plaintiff has failed to exhaust his administrative remedies. *See Speer v. UCOR, LLC*, No. 3:21-cv-368, 2022 WL 3971036 at *11 (E.D. Tenn. Aug. 31, 2022) (collecting cases). When a federal employee appeals his case to the MSPB, he must exhaust his remedies in that forum. *See McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995) ("Having chosen [to appeal to the MSPB], [the plaintiff] was required to exhaust her claims in that forum before filing a civil action."); *Burden v. U.S. Postal Serv.*, 345 F. App'x 972, 973 (6th Cir. 2009) (upholding district court's dismissal for a plaintiff's failure to exhaust his claims before the MSPB). The exhaustion requirement is not a "jurisdictional prerequisite to filing suit" and is "subject to waiver, estoppel, and equitable tolling." *Williams*, 53 F. App'x at 352. However, a court does not have the discretion to simply waive the exhaustion requirement as a mere technicality. *See Jones v. Truck Drivers Loc. Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984) ("The Supreme Court did not suggest that the [exhaustion] requirement could be set aside

11

Case 2:20-cv-00255-TRM-CRW   Document 70   Filed 07/29/24   Page 11 of 12   PageID #: 670

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendant's motion for summary judgment (Doc. 60). Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**

---

or waived in the discretion of the District Court . . . there is no basis for setting aside the requirement as 'technical.'"). Moreover, the Sixth Circuit has made clear "plaintiffs should not be encouraged to attempt to bypass the administrative process," and, therefore, the administrative-exhaustion requirement must be enforced. *Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 494 (6th Cir. 2018).

Here, the MSRB did not issue its final decision until June 22, 2023. (Doc. 62, at 27.) Plaintiff then had thirty days to file his action in federal court. 5 U.S.C. § 7703(B)(2). Plaintiff does not claim that he filed an action within that time and, by now, that claim would be time-barred. Plaintiff argues instead that he "already included this action in his [initial complaint]" and therefore his claim is not time barred. (Doc. 67, at 24.) In essence, Plaintiff is arguing that he did not have to administratively exhaust his remedies before filing suit. That is not the case. Courts in this circuit are required to vigorously enforce the exhaustion requirement. *Jones*, 740 F. App'x at 494. Moreover, Plaintiff has not demonstrated that waiver, estoppel, and equitable tolling would be appropriate in this case. Nothing precluded Plaintiff from filing suit once the MSPB issued its final decision. He simply chose not to.